**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IRFAN BUTT,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**CASE NO. 2:16-CV-00842**
**CRIM. NO. 2:15-CR-00125**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Petitioner, who is currently in the custody of Immigration and Customs Enforcement ("ICE"), brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### I. FACTS AND PROCEDURAL BACKGROUND

Pursuant to the terms of a plea agreement, Petitioner pled guilty to unlawfully attempting to procure citizenship or naturalization, in violation of 18 U.S.C. §§ 1425(a) and 2. (Docs. 22, 31). On February 16, 2016, the Court entered Judgment, sentencing Petitioner to time served plus one day. (Doc. 39). Petitioner did not appeal. After completing his sentence, Petitioner was taken into ICE's custody. (*See id.* at 17).

On September 1, 2016, Petitioner filed the instant motion under 28 U.S.C. § 2255. Petitioner asserts that that he was denied the effective assistance of counsel. (Doc. 1 at 4). In particular, he asserts a violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010), which holds that failure to advise a criminal defendant of the immigration consequences of his guilty plea

constitutes ineffective assistance of counsel. Petitioner claims that his attorney told him he *had* to plead guilty and failed to advise him of the immigration consequences of his guilty plea, *i.e.*, that his felony conviction would result in his mandatory detention and immediate removal from the United States. (*Id.* at 17). Petitioner states that, had he been so advised, he would not have pled guilty. (*Id.*).

## II. DISCUSSION

For the following reasons, the Court lacks jurisdiction to consider Petitioner's § 2255 motion and a writ of *coram nobis* should not issue.

### *A. Custody Requirement*

Pursuant to § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A defendant must be 'in custody' for the conviction or sentence under attack at the time his § 2255 motion is filed." *United States v. Koertel*, No. 13-CR-00346, 2016 WL 4524860, at *2 (E.D. Cal. Aug. 30, 2016) (holding that district court lacked jurisdiction to consider § 2255 motion where the petitioner's sentence had completely expired and he remained in the custody of the Department of Homeland Security awaiting removal proceedings) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *United States v. Krboyan*, No. 10-cv-2016, 02-cr-5438, 2010 WL 5477692, at *4 (Dec. 30, 2010)). "When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Ferqueron v. Straub*, 54 F. App'x 188, 190 (6th Cir.

2002) (citing *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. A petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition, however, does not. *Maleng*, 488 U.S. at 492–93. Moreover, "[t]he collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Ferqueron*, 2002 WL 31828191, at *1 (citing *Maleng*, 490 U.S. at 492).

Relevant here, a petitioner's immigration status constitutes a collateral consequence of his conviction that is insufficient to satisfy the "in custody" requirement for federal habeas corpus proceedings. *See Ikharo v. DeWwine*, No. 2:12-CV-489, 2013 WL 2620264, at *2–3 (S.D. Ohio June 11, 2013) (as applied to 28 U.S.C. § 2254) (citing *Camera v. New York*, No. 11–cv–8235, 2012 WL 3242697, at *3 (S.D.N.Y. Aug. 9, 2012) ("[I]mmigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254."); *Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) (holding that deportation proceedings constitute a collateral consequence of the conviction insufficient to satisfy in custody requirement for § 2255 proceedings); *United States v. Montoya*, 891 F.2d 1273, 1293 (7th Cir. 1989); *United States v. Romero–Vilca*, 850 F.2d 177, 179 (3d Cir. 1988); *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir. 1976); *United States v. Santelises*, 509 F.2d 703, 704 (2d Cir. 1975) (*per curiam*)); *Mainali v. Virginia*, 873 F. Supp. 2d 748, 7511–52 (E.D.Va. June 25, 2012) (same) (citing *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004)); *see also Guzman v. New York*, No. 11 CIV 2433, 2011 WL 6097128, at *3–4 (S.D.N.Y. Dec. 7, 2011) (declining to consider claim under *Padilla* in § 2255

proceedings where the petitioner's sentence had fully expired) (citing *Kandiel v. United States*, 964 F.2d at 796).

Petitioner already served his sentence and is now under only a "collateral consequence" of his conviction—namely, an order of deportation. Accordingly, he is not "in custody," and this Court lacks jurisdiction to consider Petitioner's motion under 28 U.S.C. § 2255.

*B. Writ of* Coram Nobis

Though the Court does not have jurisdiction pursuant to § 2255, "federal courts have the authority to *sua sponte* issue a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a), which does not impose the same 'in custody' requirement as does § 2255." *Koertel*, 2016 WL 4524860, at *3 (construing the § 2255 motion under the All Writs Act) (citing *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005)); *see also Diarrassouba v. United States*, No. 12-2257 (MLC), 2014 WL 546341, at *4–5 (D.N.J. Feb. 10, 2014) (noting that the claim may be considered under the All Writs Act) (citations omitted). "*Coram nobis* is an extraordinary writ that may be used to vacate a federal sentence or conviction when a [28 U.S.C. § 2255] motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer in custody." *United States v. Waters*, 770 F.3d 1146, 1146 (6th Cir. 2014) (quotations omitted).

A petitioner seeking *coram nobis* relief must establish: "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Hanna v. United States*, 559 F. App'x 75, 75 (2d Cir. 2014) (quotations omitted); *Frasier v. United States*, 343 F. App'x 985, 986 (5th Cir. 2009) (same); *United States v. Pearl*, 288 F. App'x 651, 653 (11th Cir. 2008) (same); *Morgan*, 346

U.S. at 512 (*coram nobis* request may be considered where "no other remedy [is] available and sounds reasons exist for failure to seek appropriate earlier relief"); *United States v. Nyhuis*, 40 F. App'x 80, 81 (6th Cir. 2002) (noting that "the doctrine of laches applies to *coram nobis* proceedings" and that "[t]o avoid the bar, a *coram nobis* petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously"). A writ of error *coram nobis* "is so extraordinary that it is used only in 'circumstances compelling such action to achieve justice.'" *Id*. (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)). The undersigned finds no such extraordinary circumstances here.

Petitioner's § 2255 motion claims ineffective assistance of counsel. To prevail on such a claim, he must demonstrate both that counsel's performance was deficient and that counsel's deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The prejudice showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id*. The Supreme Court has made clear that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. at 371.

Specifically, Petitioner claims that his counsel's ineffective assistance led him to plead guilty. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."' *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)); *see Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Machibroda v. United States*, 368 U.S. 487, 493 (1962). In the context of a guilty plea, in order to establish prejudice—as that term is defined under *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58–59. The record shows the opposite in this case.

On September 23, 2015, Petitioner signed a plea agreement expressly acknowledging that he understood the potential immigration consequences of his guilty plea and affirming that he wanted to plead guilty regardless of any resulting immigration consequences—even if a guilty plea would result in his automatic deportation from the United States. (Doc. 22, PageID# 38). Petitioner indicated under oath at the time of his guilty plea that he had told his attorneys everything he knew about the charge against him and believed that they were fully informed about the facts and circumstances upon which the charge was based. (*Transcript*, Doc. 42, PageID# 97). His attorneys had fully counseled and advised him as to the nature and meaning of the charge. (*Id.*). The Court then advised Petitioner of the elements of the offense and the penalty he faced. Petitioner indicated he understood. (*Id.* at PageID# 98). Petitioner expressly indicated that he understood that, as a consequence of his guilty plea, he could be removed from the United States, denied citizenship, and be deported. (*Id.* at PageID# 100). The Court advised Petitioner of all of the rights he was waiving by entry of his guilty plea. He understood. He had no questions. He wanted to plead guilty. (*Id.* at PageID# 100–02).

Next, the prosecutor summarized the terms of the Plea Agreement, and Petitioner agreed with those terms. (*Id.* at PageID# 103–04). Further, he had reviewed the agreement with his attorney before he signed it; denied being forced or threatened to enter the guilty plea; and denied being made any promises as to what his sentence would be. (*Id.* at PageID# 103–05). Special Agent Jeffrey Landthorn summarized the facts of the case, and Petitioner agreed with those facts. (*Id.* at PageID# 106–08). Petitioner had no questions. (*Id.* at PageID# 109). Important here, it is also clear from the sentencing transcript that Petitioner knew that he would be taken into custody by the Department of Homeland Security and subject to deportation

proceedings. (*Transcript*, Doc. 43, PageID# 116–17). Finally, Petitioner was offered the opportunity to address the Court but declined to do so. (*Id.* at PageID# 117).

In view of all of the foregoing, Petitioner's allegation now that he was unaware of the immigration consequences of his guilty plea, and that he would not have pled guilty, had he been so advised, is not credible.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Machibroda*, *supra*, 368 U.S. at 495–496, 82 S.Ct., at 514 (s 2255); *Price v. Johnston*, *supra*, at 334 U.S. 266, 286–287, 68 S.Ct. 1049, 1060–1061, 92 L.Ed. 1356 (s 2243).

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Accordingly, a writ of *coram nobis* is not warranted.

**Recommended Disposition**

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: September 28, 2016

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE