IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IFRAN BUTT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:16-CV-00842
CRIM. NO. 2:15-CR-00125
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On September 28, 2016, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings recommending that this action be dismissed. (ECF No. 44.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 45.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action based on the lack of jurisdiction to consider the motion under 28 U.S.C. § 2255 and because the record establishes no basis for issuance of a writ of *coram nobis*. Petitioner states that he could not file his § 2255 motion before his sentence completely expired due to the brevity of his sentence. Petitioner further argues that, although the record reflects that he fully understood the potential immigration consequences of his guilty plea and wanted to plead guilty even if a guilty plea would result in his automatic deportation from the United States, he nonetheless has established the denial of the effective assistance of counsel under *Padilla v. Kentucky*, 599 U.S. 356 (2010)(requiring defense counsel to advise a criminal defendant about the risk of deportation arising from a guilty plea), because his attorney did not so advise him.

These arguments are not persuasive. As discussed, this Court lacks jurisdiction to consider Petitioner's motion under § 2255 because Petitioner's sentence completely expired prior to the filing of this action. Moreover, the record fails to support Petitioner's claim of the denial of the effective assistance of counsel. Preliminarily, Petitioner's allegation that his attorney failed to advise him of the potential immigration consequences of his guilty plea is belied by the record before the Court. For example, Petitioner and his attorney signed a *Plea Agreement* expressly indicating that Petitioner understood that his guilty plea may have immigration consequences, and Petitioner affirmed that he nonetheless wanted to plead guilty, even if it meant that he would be automatically deported from the United States. (ECF No. 22, PageID# 38.) Petitioner affirmed at his guilty plea hearing that he had reviewed the *Plea Agreement* with his attorney prior to signing it. *Transcript* (ECF No. 42, PageID# 104.) Further, because the record indicates that Petitioner repeatedly acknowledged that he understood the potential immigration consequences of his guilty plea, Petitioner simply cannot establish prejudice from the alleged failure of counsel to so advise him. *See, e.g., Pilla v. United States*, 668 F.3d 368, 372-73 (6th cir. 2012)(citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 45) therefore is **OVERRULED**. The *Report and Recommendation* (ECF No. 44) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

11-7-2016

EDMUND A. SARGUS, JR.
Chief United States District Judge